IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE:  MASON WILLIAM HERRING                         No. 1:22-mc-00033-WJ-JCH-KK

**ORDER TO SHOW CAUSE**

Before Panel Members Chief United States District Judge **William P. Johnson**, Senior United States District Judge **Judith C. Herrera**, and United States Magistrate Judge **Kirtan Khalsa.**

---

Mr. Herring was arrested on May 27, 2022, on a complaint that alleged he committed "the offense of assault of pregnant person."  Return Executed, filed June 1, 2022, in *Texas v. Herring*, Cause No. 1772106, 185th District Court of Harris County, Texas; *see also* Indictment on Felony Charge: Assault of Pregnant Person, filed November 4, 2022, in *Texas v. Herring*, Cause No. 1772106, 185th District Court of Harris County, Texas ("Indictment").

The Local Rules of Civil Procedure for the District of New Mexico state that if an "attorney is charged in any court with a crime as defined in D.N.M.LR-Civ. 83.13, the attorney must, within 14 days after the attorney receives notice that the charge has been filed, notify the clerk of this court in writing of the charge."  D.N.M.LR-Civ. 83.2(f)(4).  "Failure to self-report is a separate cause for disciplinary action."  D.N.M.LR-Civ. 83.2(g).  Local Rule 83.13 defines a "crime" for which discipline may be imposed as, among other things, "any felony." D.N.M.LR-Civ. 83.13(a).  The offense "assault of pregnant person" is a felony.  Indictment at 1.  Mr. Herring has not notified the Clerk of Court in writing of the charge against him.

Mr. Herring shall, within 30 days of entry of this Order, show cause in writing why the Court should not suspend him from the practice of law in the District of New Mexico due to his

failure to notify the Clerk of the felony charge. Failure to timely show cause will result in suspension from the Federal Bar of the District of New Mexico. *See In re Bello*, 237 Fed.Appx. 363, 366 (10th Cir. 2007) ("The District of New Mexico has 'inherent supervisory power' over the conduct of attorneys appearing in its courtrooms and this power includes the ability 'to control admission to its bar and to discipline attorneys who appear before it.'") (quoting *United States v. Ryans*, 903 F.2d 731, 734 n.4 (10th Cir. 1990) and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal citations omitted)).

The Panel reminds Mr. Herring of his obligation to notify the Clerk of Court if he "is suspended or disbarred for any reason by any court" or "is convicted of a crime." D.N.M.LR-Civ. 83.2(f)(2, 5).

**IT IS SO ORDERED.**

*For the Panel:*

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**